IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CECILIO A. ARGUETA<br>2359 Ontario Rd, NW<br>Apt 303<br>Washington, DC 20009-2732 | :<br>:<br>:<br>:<br>: | |
| Plaintiff. | : | Case No.: |
| v. | :<br>:<br>: | |
| GHOLAM H. KOWABI<br>9364 Campbell Road<br>Washington, DC 20005 | :<br>:<br>:<br>: | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Cecilio Argueta ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Gholam H. Kowabi ("Defendant"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the District of Columbia Payment Wage and Wage Collection Law and the District of Columbia Minimum Wage Revision Act ("DCMWRA") stating as follows:

### INTRODUCTION

Plaintiff worked for Defendant as a food preparer and cook for a total of fourteen years. Instead of paying overtime at a rate of one and a half times his hourly wage as required by District of Columbia and federal law, Defendant paid overtime hours at Plaintiff's regular rates in cash. Plaintiff worked an average of thirty-five hours of overtime each week for which he was not paid time and a half. Defendant has willfully violated the clear and well-established overtime provisions of the FLSA and the DCMWRA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3684233_1

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Washington, DC.

4. Defendant operated the Tuscana West Restaurant at which Plaintiff worked.

5. At all times material herein, Defendant, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

6. Defendant has at least two or more employees who are engaged in interstate commerce and/or handle, sell, or otherwise work on goods or materials that have been moved or produced for commerce. Defendant also processes credit card transactions for customer payments and purchases equipment and inventory that move in interstate commerce.

7. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d), the FLSA and the DCMWRA.

8. Defendant controlled the day to day operations of Tuscana West Restaurant.

9. Defendant had the power to hire, fire, suspend, and discipline Plaintiff.

10. Defendant supervised Plaintiff directly or indirectly.

11. Defendant directly or indirectly set and controlled Plaintiff's work schedules or had the power to do so.

12. Defendant directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## FACTS

13. Plaintiff was employed by Defendant as a food preparer and cook for a period of fourteen years from 1999-2014 (the "Employment Period").

14. Plaintiff was paid in cash.

15. Plaintiff was not paid one and a half times the regular hourly rate for hours worked in excess of forty per week.

16. Plaintiff worked approximately 75 hours per week.

17. Plaintiff was paid any hours in excess of forty per week at his regular rate of pay.

18. Plaintiff is owed overtime wages that Defendant willfully failed and refused to pay to Plaintiff in violation of District of Columbia and federal law.

19. By statute, Defendant is required to maintain records which document the number of days Plaintiff worked.

20. The precise number of hours worked, and wages owed, should be revealed through discovery.

21. Defendant knowingly and intentionally violated Plaintiff's rights under District of Columbia and federal law.

## COUNT I
### (Violation of the DCMWRA)

22. Plaintiff adopt herein by reference paragraphs 1 through 21 above as if fully set forth herein.

23. Throughout the Employment Period, Defendant failed to properly pay Plaintiff overtime required by the DCMWRA.

24. Unpaid wages are due and owing to Plaintiff by Defendant.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

25. Defendant's failure and refusal to comply with its obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, in favor of Plaintiff in an amount to be determined at trial, but not less than $65,520.00, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
## (FLSA)

26. Plaintiffs adopt herein by reference paragraphs 1 through 21 above as if fully set forth herein.

27. Throughout the Employment Period, Defendant failed to compensate Plaintiff at the rate of one and a half times the minimum hourly wage for all hours worked in excess of forty hours per week.

28. Defendant's actions complained of herein constitute a willful violation of the FLSA.

29. Defendant's violation makes him liable to Plaintiff for all unpaid wages and unpaid overtime compensation, and in addition equal amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment against Defendant in favor of Plaintiff in amount to be determined at trial, but not less than $65,520.00, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT III
### (Violation of the DC Wage Payment and Collection Law)

30. Plaintiff adopt herein by reference paragraphs 1 through 21 above as if fully set forth herein.

31. While employed by Defendant, Plaintiff worked regular and overtime hours that were not properly compensated by Defendant as required by the DCMWRA.

32. Wages are due and owing to Plaintiff by Defendant.

33. Defendant's failure and refusal to pay the wages due and owing was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial, but not less than $65,520.00, and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (DC Bar 495881)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

3684233_1